*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-191

DECEMBER TERM, 2015

| | |
|---|---|
| Patricia Coughlin | } APPEALED FROM: |
| | } |
| | } Superior Court, Washington Unit, |
| v. | } Family Division |
| | } |
| | } |
| Johannes Mol | } DOCKET NO. 96-3-08 Wndm |

Trial Judge: Thomas J. Devine

In the above-entitled cause, the Clerk will enter:

Plaintiff ex-wife appeals from a post-judgment divorce order of the superior court's family division. We affirm.

As the family court noted, the complex procedural history in this case is critical to understanding the principal issue in dispute. The parties resided in the Netherlands during their marriage, which ended in 2010. Defendant ex-husband owned and operated an incorporated pharmacy and retail store called Paradise Regained BV. This company was in turn owned by a holding company known as Beau Monde. During the marriage, plaintiff was employed by Paradise Regained. At the time the parties' divorce proceeding began in Vermont superior court in 2008, plaintiff had brought a lawsuit in the Netherlands alleging wrongful discharge from defendant's company.

The parties executed both prenuptial and postnuptial agreements, and later entered into a partial final stipulation as to property and support, in which they sought to achieve an equal division of the marital assets. The family court issued a final divorce order on August 10, 2010 following an uncontested hearing, and their divorce became final on November 10, 2010 following the three month nisi period. The final divorce order incorporated the parties' partial final stipulation, which included the following provision:

> Defendant shall cause Paradise Regained BV to transfer the sum of
> €207,000 to an account established by Plaintiff to establish a
> pension. This transfer shall be made in four equal payments of
> €51,750 to an insurance company for benefit of [Plaintiff] in
> conformity with the law of The Netherlands or alternatively to a
> Roth IRA in a U.S. financial institution if such is permitted by
> Dutch law. This payment is Defendant's sole obligation regarding
> the division of any pension from Beau Monde Groenhof BV or
> Paradise Regained BV.

The stipulation also required plaintiff to withdraw her lawsuit against defendant's company and to deposit $53,000 in a U.S. tax-sheltered account for the benefit of the parties' three children.

Shortly after the final divorce order issued, the parties filed cross-motions for contempt. On October 18, 2010, the family court ruled that plaintiff's obligations to withdraw her lawsuit and put $53,000 in an account for the children were not contingent upon defendant's separate compliance with other aspects of the final stipulation. On November 10, plaintiff filed a motion to alter or amend the judgment, seeking rulings on a host of issues. In a December 6, 2010 order, the court granted defendant's motion to compel plaintiff to withdraw her lawsuit, but denied requests for contempt because both parties had failed to meet their obligations under the final order and neither party had substantially prevailed in their positions. On January 26, 2011, following a status conference, the family court approved a proposed order submitted by plaintiff's counsel, which required, among other things, that plaintiff withdraw her lawsuit, effective immediately, and that defendant "transfer to Plaintiff's IRA account at the People's United Bank the sum of €51,750.00 by February 10, 2011 and annually thereafter on February 10th through and including February 10, 2014." The last provision of the two-page order stated as follows: "All other issues including medical/dental insurance coverage; payment of unreimbursed medical expenses; the retroactive payment of the Kinderbijslag, the ING Stock Porfolio and Attorney's Fees are reserved for hearing."

On January 28, 2011, plaintiff filed a motion for relief from judgment under Vermont Rule of Civil Procedure 60(b), seeking to reopen the underlying divorce judgment. On February 1, 2011, defendant filed a timely motion to amend the January 26, 2011 order, arguing in part that the family court had altered the plain language of the parties' property settlement in the final divorce order by requiring him to transfer pension funds to an account outside the Netherlands, which was not permitted by Dutch law. The family court denied the motion to amend on August 15, 2012, ruling that defendant had failed to show how the January 26, 2011 order was contrary to the final divorce order or Dutch law. On November 20, 2013, plaintiff, with new counsel, withdrew her 60(b) motion.

In the spring of 2014, the family court held a two-day hearing dealing with several of the parties' motions, including defendant's motions to alter and amend the January 26, 2011 order and for sanctions against plaintiff for noncompliance with prior orders, as well as plaintiff's motion for contempt based on defendant's failure to comply with the January 26 order requiring him to transfer Dutch pension funds to a U.S. account. In his motion to amend, defendant argued that the provision in the January 26, 2011 order requiring him to transfer Dutch pension funds to a U.S. account ignored the alternative method of distribution allowed for in the final divorce order.

In considering these motions and the evidence presented at the hearing, the family court found in its January 26, 2015 order that: (1) defendant's company would incur a 72% tax on its entire pension account, totaling €417,000, if it were to transfer Dutch pension funds to a U.S. account, as required by the January 26, 2011 order; (2) defendant's company does not have cash reserves or other liquid assets in the amount of €417,000; (3) if defendant were to pay plaintiff €207,000 from his private funds, it would extinguish his company's pension obligations to him, and, although it would save the company money, Dutch law would impose a 25% tax upon the company for the €207,000 otherwise transferred; and (4) if defendant were to transfer €207,000 from his company's pension funds to a Dutch insurance company to establish a private pension account for plaintiff with monthly payments commencing when she reached retirement age—as

2

permitted by the parties' stipulation incorporated into the final divorce order—neither defendant nor his company would suffer any adverse tax consequences.

The family court then determined that a resolution of defendant's motion to amend turned on whether the January 26, 2011 order was a final appealable order or an intermediate order subject to revision. Plaintiff argued that the order was a final order and that defendant's failure to appeal from the court's August 15, 2012 order denying his motion to amend the January 26, 2011 order precluded him from later challenging either of those orders. The court rejected plaintiff's position, stating that the January 26, 2011 enforcement order, on its face, was not a final order, as it listed several pending issues between the parties that were to be resolved at a later hearing, and that the court did not direct a partial final judgment, as allowed by rule. See V.R.C.P. 54(b) (providing that in absence of court's express direction of final judgment with respect to certain claims or parties, orders that "adjudicate[] fewer than all the claims or the rights and liabilities of fewer than all the parties . . . [are] subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties"); V.R.F.P. 4(a)(1)-(2) (noting applicability of civil rules in divorce proceedings except for specified rules that do not include Rule 54).

Having determined that the January 26, 2011 order was not a final order, the family court concluded that defendant's motion to amend was properly before the court. With regard to the merits, the court agreed that, to the extent the January 26, 2011 order imposed strict deadlines for performance of the parties' obligations, it was in the nature of an enforcement provision, but noted that the order could not modify the substantive provisions of the parties' partial final stipulation incorporated into the final divorce order. See Sumner v. Sumner, 2004 VT 45, ¶ 13, 176 Vt. 452 (acknowledging that family court was not free to modify final property division absent grounds set forth in Rule 60(b), but concluding that court's supplementary order was merely enforcing provision of prior final divorce order). On this basis, the court denied the motion to amend.

The family court then construed the disputed provision of the final divorce order in considering plaintiff's motion for contempt. The court concluded that the provision contemplated a pension transfer of company funds and that, although the provision anticipated plaintiff's cooperation in establishing the account into which the funds would be deposited, it did not explicitly give plaintiff a right of election as to the two alternative methods of establishing a pension on plaintiff's behalf. Instead, it set forth two alternative methods of doing so. The court further concluded that if a transfer of the Dutch pension funds were the only option allowed under the parties' stipulation, "a defense of inability to comply would exist" with respect to plaintiff's motion for contempt. Accordingly, the court held that defendant was not in contempt as to the disputed provision. The court stated that defendant was able and willing to comply with the provision's alternative permitted method of transferring €207,000 to an insurance company for the benefit of plaintiff in conformity with Dutch law. The court ordered defendant to do so within thirty days.

On appeal, plaintiff argues that the family court erred in concluding that the January 26, 2011 order was not an appealable final order that could be revised at any time. In plaintiff's view, the contempt proceeding stemming from her 2014 motion citing defendant's failure to abide by the January 26, 2011 order did not open for reconsideration the order's legal or factual basis. According to plaintiff, the January 26, 2011 order clarified the disputed provision in the final divorce order, and defendant's failure to appeal that order or the later order denying his

motion to amend the January 26, 2011 order foreclosed him, based on principles of res judicata, from challenging it in the context of the later contempt proceeding, absent grounds to reopen a judgment under Rule 60(b). By allowing defendant to do so, plaintiff argues, the family court's January 26, 2015 decision was, in effect, a disfavored "horizontal review" of the earlier January 26, 2011 decision.

We find no basis to reverse the family court's denial of plaintiff's motion for contempt with respect to the disputed provision. To find a party in civil contempt, the family court must find, among other things, that "[t]he person has willfully violated the Court order in that he or she had the ability to comply with the order and failed to do so." 15 V.S.A. § 603(f)(3); see also V.R.F.P. 16(d)(2) (stating that in determining present ability to pay for purposes of imposing sanctions to bring noncomplying person into compliance and purge contempt, court may consider person's reasonable ability to use or access available funds or other assets). Here, plaintiff does not challenge the court's findings, noted above, that transferring Dutch pension funds into plaintiff's U.S. bank account would result in a 72% tax penalty, amounting to €417,000 in taxes that defendant's company did not have, and that if defendant were to pay plaintiff €207,000 from his private funds, it would extinguish his company's pension obligations to him. Given these circumstances, the court did not abuse its discretion in denying plaintiff's motion for contempt with respect to the disputed provision. Obolensky v. Trombley, 2015 VT 34, ¶ 42 ("A decision to hold or not hold a party in contempt is reviewed for abuse of discretion."); see Spabile v. Hunt, 134 Vt. 332, 334 (1976) (stating that "power to punish for contempt is necessarily discretionary in nature" and thus court may "take into account all factors relating to the particular nature of the contemnor's disobedience in determining what action on the court's behalf is required").

We also agree with the family court that the plain language of the disputed provision in the final divorce order does not give plaintiff the power to elect the method of pension transfer, but rather permits two alternative types of transfer, one of which the court found would have no adverse tax consequences on defendant or his company. The court was not precluded by the earlier judge's January 26, 2011 enforcement order from considering in the context of the contempt proceeding what methods of transfer were permitted by the disputed provision. Cf. Morrisseau v. Fayette, 164 Vt. 358, 363-64 (1995) (rejecting "horizontal appeal" argument that would require judges to perpetuate errors and overruling previous case "holding that a second judge may not grant a motion for summary judgment or judgment on the pleadings after denial of a similar motion by another judge"). As the family court noted, the January 26, 2011 order, on its face, indicated that there were several other issues raised by plaintiff's post-judgment motion that were left to be resolved at a later hearing, and there was no express direction for entry of a final judgment under Rule 54(b) as to any particular claim. See Morissette v. Morissette, 143 Vt. 52, 58 (1983) ("The test of whether a decree or judgment is final is whether it makes a final disposition of the subject matter before the court.") (citation omitted). Thus, the January 26, 2011 enforcement order was only a partial final order in response to plaintiff's motion, open to later revision. Moreover, plaintiff does not argue, and the record does not demonstrate, that all of those issues were resolved at the time the court denied defendant's motion to amend the January 26, 2011 order. Indeed, in its October 15, 2012 order denying defendant's motion to amend, the family court acknowledged that some of those issues were still pending, and in its January 26, 2015 order, the court addressed, in the context of plaintiff's motion for contempt, at least one of the issues—defendant's obligation to reimburse plaintiff for payments made to him by the Dutch government in support of raising a family,—which was part of the same motion that resulted in the pension enforcement order involved in this appeal.

4

We recognize that the family court actually denied defendant's motion to amend the January 26, 2011 order. After interpreting the disputed provision in the parties' stipulation as allowing two alternative methods of establishing plaintiff's pension, and concluding that it could still amend the January 26, 2011 order, the court denied defendant's motion to amend "to the extent the Court must interpret the January 26, 2011 Order as not modifying the substantive provisions of the Partial Final Stipulation." The decision to deny the motion to amend is curious in light of the trial court's analysis. As plaintiff recognizes by arguing that the family court erred as a matter of law when it amended the January 26, 2011 order, the court's statement was a roundabout way of ruling that defendant's motion to amend is effectively granted in the sense that the January 26, 2011 order compelling defendant to do one of the two alternatives allowed by the parties' stipulation is ineffective. Thus, we treat the trial court's decision on defendant's motion to amend as a grant of that motion and plaintiff's appeal as challenging that decision.

Plaintiff also argues that she was entitled to an award of attorney's fees by virtue of the provision in their stipulation incorporated into the final divorce order stating: "Should any party be found to be in breach of this agreement, the prevailing party shall be entitled to recourse, reasonable attorney's fees, and costs related to enforcement of said claims." Although the court granted defendant's motion for contempt in part with respect to matters not in dispute on appeal, the court ordered each party to bear their own attorney's fees based on its finding that plaintiff had also "failed to comply [with] the terms of the agreement over a period of years and despite repeated orders." We find no abuse of discretion in the court's decision, under the circumstances, to require each party to bear their own attorney's fees.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice